[Cite as *State v. Elliott*, 2011-Ohio-6723.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2011 CA 00060 |
| J. MARK ELLIOTT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court,
                             Case No.  11 TRD 3253


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 23, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

WILLIAM PAUL BRINGMAN              AMY S. WEEKS
13 East College Street            40 West Main Street, 4th Floor
Fredericktown, Ohio  43019-1192   Newark, Ohio  43055

*Wise, J.*

{¶1}     Defendant-Appellant J. Mark Elliott appeals the Licking County Municipal Court's order of forfeiture in this matter.

{¶2}     Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶3}     On March 30, 2011, Appellant J. Mark Elliott was driving his vehicle eastbound on Interstate 70 in Licking County. A Sheriff's deputy noticed Appellant's vehicle had what the trooper believed to be excessive tinting of its driver's side window. The deputy initiated a traffic stop of Appellant's vehicle. Upon investigation, the trooper discovered Appellant was driving under suspension.

{¶4}     As a result, Appellant was cited for violations of R.C. §4510.16 (Driving under an FRA Suspension) and §4510.14 (Driving Under an OVI Suspension).

{¶5}     On May 10, 2011, the State of Ohio filed a motion to amend the Driving Under an OVI Suspension, a violation of R.C. §4510.14 to a charge of Driving under suspension or in violation of license restriction, a violation §4510.11.

{¶6}     The trial court granted said motion to amend and Appellant changed his plea and entered a plea of guilty to Driving Under FRA Suspension, in violation of R.C. §4510.16 and Driving under suspension or in violation of license restriction, in violation of R.C. §4510.11.

{¶7}     On May 10, 2011, upon conviction of §4510.11, the trial court ordered forfeiture of Appellant's vehicle.

**{¶8}** It is from this order that Appellant now appeals, assigning the following sole error for review:

ASSIGNMENT OF ERROR

**{¶9}** "I. THE TRIAL COURT ERRED IN APPLYING THE CRIMINAL FORFEITURE STATUTE TO APPELLANT'S CONVICTION OF HABITUAL OFFENDER."

I.

**{¶10}** In Appellant's sole assignment of error, Appellant argues that the trial court erred in ordering forfeiture in this matter. We disagree.

**{¶11}** In this case, Appellant pled guilty to and was convicted of R.C. §4510.16 and R.C. §4510.11.

**{¶12}** Revised Code 4510.11 contains a forfeiture provision. The version of R.C. §4510.11 in effect at the time of Appellant's conviction and sentence provides as follows:

**{¶13}** **R.C. §4510.11 Driving under suspension or in violation of license restriction**

**{¶14}** "(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under any provision of the Revised Code, other than Chapter 4509. of the Revised Code, or under any applicable law in any other jurisdiction in which the person's license or permit was issued shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension unless the person is granted

limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges.

{¶15} "(B) No person shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state in violation of any restriction of the person's driver's or commercial driver's license or permit imposed under division (D) of section 4506.10 or under section 4507.14 of the Revised Code.

{¶16} "(C)(1) (a) Except as provided in division (C)(1)(b) of this section, whoever violates division (A) of this section is guilty of driving under suspension, a misdemeanor of the first degree. The court shall impose upon the offender a class seven suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(7) of section 4510.02 of the Revised Code.

{¶17} " ***

{¶18} "(5) If the offender previously has been convicted of or pleaded guilty to two or more violations of this section or of a substantially similar municipal ordinance, the court, in addition to any other sentence that it imposes on the offender and if the vehicle is registered in the offender's name, shall order the criminal forfeiture of the vehicle involved in the offense to the state."

{¶19} A review of Appellant's driving record reflects that Appellant has two previous convictions of R.C.§ 4510.11. Based on these prior convictions, forfeiture was mandatory pursuant to R.C. 4510.11(C)(5) as set forth above.

**{¶20}** Based on the foregoing, we do not find that the trial court abused its discretion in ordering forfeiture in this matter.

**{¶21}** The judgment of the Municipal Court of Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
J. MARK ELLIOTT                        :
                                       :
    Defendant-Appellant            :          Case No. 2011 CA 00060


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


                                           _____


                                           _____


                                           _____

                                                   JUDGES