[Cite as *State v. Elliott*, 2012-Ohio-771.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00064 |
| J. MARK ELLIOTT | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                              Municipal Court, Case No.11TRD3253

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       February 24, 2012

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

WILLIAM PAUL BRINGMAN         AMY S. WEEKS
13 East College Street        40 West Main Street, 4th Floor
Fredericktown, OH  43019-1192 Newark, OH  43055

*Gwin, J.*

{¶ 1} In the case sub judice, the record transmitted on appeal does not contain a complete transcript of either the change of plea hearing or the sentencing hearing. App. R. 9 in effect at the time appellant filed his notice of appeal in this case provided for the record on appeal, and stated in pertinent part[1]:

{¶ 2} "(A) Composition of the record on appeal. The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."

{¶ 3} Accordingly, if the transcript of proceedings is in the videotape medium, the appellant must type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief.

---

[1] App. R. 9 was amended July 2011 to provide that a transcript is required for the record on appeal; a videotaped recording of the trial court proceedings is no longer adequate.

**{¶ 4}** Accordingly, absent a complete transcript we are unable to review the facts underlying the amendment of the charge and appellant's plea to the amended charge. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Akro-Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249. The record transmitted to this court establishes the following facts.

**{¶ 5}** On March 30, 2011, appellant J. Mark Elliott was driving his vehicle eastbound on Interstate 70 in Licking County. A Sheriff's deputy noticed Appellant's vehicle had what the trooper believed to be excessive tinting of its driver's side window. The deputy initiated a traffic stop of Appellant's vehicle. Upon investigation, the trooper discovered Appellant was driving under suspension.

**{¶ 6}** As a result, Appellant was cited for violations of R.C.4510.16 (Driving under an FRA Suspension) and R.C. 4510.14 (Driving Under an OVI Suspension).

**{¶ 7}** On May 10, 2011, the State of Ohio filed a motion to amend the Driving under an OVI Suspension, a violation of R.C. 4510.14 to a charge of Driving under suspension or in violation of license restriction, a violation R.C. 4510.11.

**{¶ 8}** The trial court granted said motion to amend and Appellant changed his plea and entered a plea of guilty to Driving under FRA Suspension, in violation of R.C. 4510.16 and Driving under suspension or in violation of license restriction, in violation of R.C. 4510.11.

{¶ 9} On May 10, 2011, upon conviction of R.C. 4510.11, the trial court ordered forfeiture of Appellant's vehicle.

{¶ 10} On June 1, 2010, appellant filed his Notice of Appeal from the trial court's May 10, 2011 ruling. Appellant raised as his sole assignment of error,

{¶ 11} "THE TRIAL COURT ERRED IN APPLYING THE CRIMINAL FORFEITURE STATUTE TO APPELLANT'S CONVICTION OF HABITUAL OFFENDER."

{¶ 12} On December 23, 2011, we affirmed the trial court's decision. See, *State v. Elliott*, Fifth District No. 11-60, 2011-Ohio-6723, 2001 WL 6888841. [Hereinafter "*Elliott I*".]

{¶ 13} On June 13, 2011, Appellant filed a second Notice of Appeal in Case No. 11-64. On July 1, 2011, we dismissed appellant's notice of appeal as untimely. On July 11, 2011, Appellant filed a Motion to Reconsider, together with the affidavit of counsel and the clerk of courts. Based upon the affidavit of the clerk, this Court found the Notice of Appeal was timely filed. Accordingly, by Judgment Entry filed July 21, 2011 this Court granted Appellant's motion to reconsider.

{¶ 14} It is from the trial court's May 10, 2011 order that Appellant now appeals, assigning the following sole error for review:

{¶ 15} "I. THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT OF BEING A HABITUAL ALCOHOLIC UNDER THE STATUTE DESIGNATED AS OHIO REVISED CODE SECTION 4510.11? [Sic.]"

{¶ 16} Appellant argues that the trial court abused its discretion by permitting the State to amend the traffic citation to reflect the proper numerical designation for a habitual alcoholic driver's license suspension.

{¶ 17} R.C. 4507.08 provides in pertinent part:

{¶ 18} "No temporary instruction permit or driver's license shall be issued to, or retained by:

{¶ 19} "(A) Any person who is an alcoholic, or is addicted to the use of controlled substances to the extent that the use constitutes an impairment to the person's ability to operate a motor vehicle with the required degree of safety [.]"

{¶ 20} On March 30, 2011 appellant was issued a traffic citation for non-compliance and habitual alcoholic driver's license suspensions. The initial charge on the citation for a "habitual alcoholic" driver's license suspension was cited as R.C. 4510.14, which states, in relevant part.

{¶ 21} "4510.14 Driving under OVI suspension

{¶ 22} "(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension."

{¶ 23} On May 10, 2011, the state filed a motion to amend the Driving under an OVI Suspension, a violation of R.C. 4510.14 to a charge of Driving under suspension or in violation of license restriction, a violation R.C. 4510.11. The trial court granted said motion to amend.

{¶ 24} R.C. 4510.11 Driving under suspension or in violation of license restriction, states, in part,

{¶ 25} "(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under any provision of the Revised Code, other than Chapter 4509. of the Revised Code, or under any applicable law in any other jurisdiction in which the person's license or permit was issued shall operate any motor vehicle upon the public roads and highways or upon any public or private property used by the public for purposes of vehicular travel or parking within this state during the period of suspension unless the person is granted limited driving privileges and is operating the vehicle in accordance with the terms of the limited driving privileges.

{¶ 26} "(B) No person shall operate any motor vehicle upon a highway or any public or private property used by the public for purposes of vehicular travel or parking in this state in violation of any restriction of the person's driver's or commercial driver's license or permit imposed under division (D) of section 4506.10 or under section 4507.14 of the Revised Code.

{¶ 27} "(C)(1)(a) Except as provided in division (C)(1)(b) of this section, whoever violates division (A) of this section is guilty of driving under suspension, a misdemeanor of the first degree. The court shall impose upon the offender a class seven suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(7) of section 4510.02 of the Revised Code.

{¶ 28} " * * *

**{¶ 29}** "(5) If the offender previously has been convicted of or pleaded guilty to two or more violations of this section or of a substantially similar municipal ordinance, the court, in addition to any other sentence that it imposes on the offender and if the vehicle is registered in the offender's name, shall order the criminal forfeiture of the vehicle involved in the offense to the state."

**{¶ 30}** Crim.R. 7( D) provides in part: "[t]he court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"

**{¶ 31}** "Courts should allow liberal amendment of traffic tickets, in particular, because they are typically prepared by law enforcement officers who lack formal legal training and because they are intended to provide a less formal means for the efficient disposal of traffic offenses. Traffic tickets are legally sufficient if they describe the nature of the offense and refer to the statute or ordinance allegedly violated even though the description fails to allege all of the essential elements of the offense charged." (Citations omitted.) *State v. Campbell,* 150 Ohio App.3d 90, 779 N.E.2d 811, 2002-Ohio-6064, ¶ 7, affirmed *State v. Campbell,* 100 Ohio St.3d 361, 800 N.E.2d 356, 2003-Ohio-6804.

**{¶ 32}** The Supreme Court of Ohio has held that an amendment of an indictment changing the count to a different subparagraph of the same statute does not change the name or identity of the crime charged.

**{¶ 33}** The citation in appellant's case referred to R.C. 4510.14. It is readily apparent that R.C. 4510.14 and R.C. 4511.19 both prohibit driving while the individual's

operator license is under suspension. Appellant was never charged with a violation of R.C. 4507.08. The officer's handwritten reference to "Habitual alcoholic" is not controlling. Despite the officer's erroneous reference the substantive information provided on the citation provided ample warning to appellant that he was charged with driving while under suspension.

{¶ 34} As we noted in *Elliott I*, "A review of Appellant's driving record reflects that Appellant has two previous convictions of R.C. § 4510.11. Based on these prior convictions, forfeiture was mandatory pursuant to R.C. 4510.11(C)(5) as set forth above." Id. at ¶ 19.

{¶ 35} There was no prejudice to the appellant and no surprise, undue or otherwise.

{¶ 36} Appellant's sole assignment of error is denied.

{¶ 37} The judgment of the Municipal Court of Licking County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS

WSG:clw 0125

[Cite as *State v. Elliott*, 2012-Ohio-771.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| J. MARK ELLIOTT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00064 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS