[Cite as *State v. DiBiase*, 2013-Ohio-5830.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-040** |
| THOMAS C. DIBIASE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11 CR 000036.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Thomas C. DiBiase*, pro se, PID: A594063, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Thomas C. DiBiase, appeals from the April 16, 2013 judgment of the Lake County Court of Common Pleas, denying his request to transcribe and provide a written copy of jailhouse recordings.

{¶2} Appellant was indicted by the Lake County Grand Jury on three counts of burglary, three counts of receiving stolen property, and two counts of engaging in a pattern of corrupt activity. Appellant pleaded not guilty to all counts.

{¶3} The matter proceeded to jury trial in July 2011. Appellee, the state of Ohio, presented substantial evidence in the form of 19 witnesses and over 55 exhibits. The evidence collectively established that appellant and his co-defendants burglarized homes and sold the stolen items for cash at local precious metal dealers and pawn shops. Jewelry stolen from the victims' homes was recovered from the various dealers and shops as wells as from appellant's and his co-defendants' homes. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29 on all counts. The trial court denied his motion. Appellant declined to call any witnesses, rested his case, and renewed his Crim.R. 29 motion, which was again denied.

{¶4} The jury returned a verdict on two counts of burglary, two counts of receiving stolen property, and two counts of engaging in a pattern of corrupt activity. The trial court sentenced appellant in August 2011 to a total of 19 years in prison.

{¶5} Appellant filed a direct appeal, Case No. 2011-L-124, asserting that his convictions were without sufficient evidence and against the manifest weight of the evidence. On December 24, 2012, this court affirmed the trial court's judgment, holding that the state submitted substantial evidence as to the six counts appellant was convicted of and that the jury did not lose its way in delivering a guilty verdict. *State v. DiBiase*, 11th Dist. Lake No. 2011-L-124, 2012-Ohio-6125, ¶43.

{¶6} Thereafter, appellant filed a pro se notice of appeal and a motion for stay with the Ohio Supreme Court. However, the Court did not accept appellant's discretionary appeal and denied his motion for stay as moot. *State v. DiBiase*, 135 Ohio St.3d 1415, 2013-Ohio-1622.

{¶7} On February 28, 2013, appellant filed a pro se application to reopen his appeal pursuant to App.R. 26(B) based upon a claim of ineffective assistance of appellate counsel. On July 1, 2013, this court overruled appellant's application.

{¶8} Prior to our ruling on appellant's reopening, he filed with the trial court on March 7, 2013, a pro se request to transcribe and provide a written copy of jailhouse phone recordings. The state filed a response five days later. Appellant filed a reply the following week.

{¶9} On April 16, 2013, the trial court denied appellant's request to transcribe and provide a written copy of jailhouse phone recordings. Appellant filed the instant appeal, Case No. 2013-L-040, asserting the following assignment of error:

{¶10} "The trial court erred in overruling appellant's motion to transcribe and provide a written copy of jail-house phone recordings."

{¶11} Appellant, who had been declared an indigent, was provided counsel and a trial transcript at state's expense in his direct appeal. As alleged in his application for reopening, appellant argues again that transcription of the phone recordings was necessary. Thus, the main issue in this appeal is whether appellant was entitled to have the jailhouse phone recordings contained in State's Exhibit 51 transcribed, and if so, whether the failure to do so amounts to reversible error.

{¶12} At the outset, we note that under former App.R. 9(A), trial court proceedings were required to be transcribed, with the exception of videotape recordings. App.R. 9 was later amended in July 2011 to provide that a transcript is required for the record on appeal and that a videotape recording of the trial court proceedings is no longer adequate. *See* App.R. 9(A); *White v. Damiani*, 11th Dist.

3

Trumbull No. 90-T-4432, 1992 Ohio App. LEXIS 3441, *10 (June 30, 1992); *State v. Elliott*, 5th Dist. Licking No. 2011-CA-00064, 2012-Ohio-771, ¶1-4.

{¶13} The instant matter involves jailhouse phone records. In his appellate brief, appellant maintains that the state has no legal duty under R.C. 149.43 to create a record and have the jailhouse phone recordings transcribed to meet his continued demands. Nevertheless, he believes a special exception should be made for him.

{¶14} Pursuant to App.R. 9(A), the jailhouse phone recordings should have been transcribed. They were not. However, based on the facts in this case, the outcome does not change.

{¶15} Although mindful of App.R. 9(A), Evid.R. 1002 states in part: "*To prove the content of a * * * recording, * * * the original * * * recording * * * is required*, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." (Emphasis added.)

{¶16} In addition, the Ohio Supreme Court has held that "[t]ape recordings [themselves] are the best evidence of their content, not transcripts prepared from them." *State v. Coleman*, 85 Ohio St.3d 129, 142 (1999); *see also State v. Rogan*, 94 Ohio App.3d 140, 148 (2d Dist.1994), citing *State v. Holmes*, 36 Ohio App.3d 44 (10th Dist.1987).

{¶17} The facts in this case show that the recordings at issue were contained in State's Exhibit 51, which was provided to appellant's counsel, admitted into evidence at trial, and made part of the record for purposes of appellant's direct appeal. As such, although not transcribed, we stress that this court has already listened to, considered,

4

and addressed the phone recordings in appellant's direct appeal. *DiBiase, supra,* at ¶26-27.

**{¶18}** In his application for reopening, appellant set forth four "prongs" or issues for our review. His second and third "prongs" involved the jailhouse phone recordings. In this court's judgment overruling appellant's application for reopening, we specifically found the following regarding "prongs" two and three:

**{¶19}** "With respect to appellant's second 'prong,' * * * [t]he jailhouse phone recordings at issue were contained in State's Exhibit 51, which was admitted into evidence and made part of the record for purposes of appeal. Appellant's conversations indicated a consciousness of guilt and a desire to hinder the investigation. This court considered and addressed the phone recordings in appellant's appeal. *DiBiase, supra,* at ¶26-27. Contrary to appellant's assertions, there is no evidence that appellate counsel did not listen to the phone recordings.

**{¶20}** "We fail to see any ineffective assistance of appellate counsel warranting a reopening under appellant's second 'prong.'

**{¶21}** "Regarding appellant's third 'prong,' * * * the recordings were played for the jury, identified on the record, and marked as Exhibit 51. This court considered and addressed the phone recordings in appellant's appeal. *DiBiase, supra,* at ¶26-27. * * *

**{¶22}** "* * *

**{¶23}** "We fail to see any ineffective assistance of appellate counsel warranting a reopening under appellant's third 'prong.'"

**{¶24}** Upon further consideration, although mindful of App.R. 9(A), the recordings in this case were sufficiently reviewed without written transcription, despite

appellant's continued contention to the contrary. Accordingly, his constitutional claims are unfounded. Therefore, based on the facts in this case, there is no reversible error due to the trial court's denial of appellant's March 7, 2013 pro se request to transcribe and provide a written copy of the jailhouse recordings.

{¶25} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.