[Cite as *Cleveland v. Shevchenko*, 2018-Ohio-4323.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106718

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## VITA SHEVCHENKO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 TRD 027752

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland Ohio    44113-2098


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland
Director of Law
By: Katherine L. Keefer
Assistant City Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1}   Vita Shevchenko parked an unregistered vehicle on a vacant lot and was charged with four violations of the Cleveland Codified Ordinances — displaying an expired vehicle registration, failure to transfer the vehicle registration within 30 days of acquiring title, moving an unsafe vehicle, and parking on a vacant lot.   Shevchenko was found guilty of the minor misdemeanors, and the court imposed $25 fines on all four counts, one sixth of the maximum penalty for each.    There is no dispute that Shevchenko failed to register her vehicle according to the law and that she illegally parked her vehicle on a vacant lot.    The only assigned errors in this appeal are procedural challenges to the manner in which the proceedings were initiated.

{¶2} On the day of the infractions, Shevchenko was issued two uniform traffic tickets, used to enforce moving and nonmoving traffic violations of the Cleveland Codified Ordinances ("C.C.O."). Shevchenko claims that the use of a uniform traffic ticket was not the appropriate mechanism to initiate the criminal action for violating the local ordinance prohibiting the parking of vehicles on vacant lots. According to her, the city was required to initiate the proceedings by filing a complaint under Crim.R. 3. In the alternative, Shevchenko claims that the traffic tickets were defective because the ticketing officer inadvertently indicated that Shevchenko was operating the vehicle at the time of the offense, instead of indicating that the vehicle was parked, which it undisputedly was. We find no merit to this appeal.

{¶3} Traf.R. 3(C) provides that the uniform traffic ticket must be used in all moving violation cases, but its use for parking and equipment violations is optional in each local jurisdiction, and under division (A) of that rule, the uniform traffic ticket shall constitute the complaint and summons in any ensuing action. We must assume for the sake of this appeal that the city opted to use the uniform traffic ticket for equipment violations and that the registration and safety violations issued in this case are considered "equipment" or "parking" violations, as partially demonstrated by the fact that the officers used the process in this case. No one is disputing that overall assumption or has provided an argument otherwise, although the city claims that the assumption is true. App.R. 16(A)(7).

{¶4} In addition to Traf.R. 3(C), under C.C.O. 451.241(e), any violation of the criminal prohibition against parking vehicles on a vacant lot that is a minor misdemeanor, such as the violation in this case, may be enforced "by the issuance of a citation in compliance with Rule 4.1 of the Ohio Rules of Criminal Procedure." Crim.R. 4.1(C) provides that in minor misdemeanor cases, law enforcement officers may issue a citation that contains the name and address of the

defendant, describes the offense charged, gives the numerical designation of the applicable statute or ordinance, states the name of the law enforcement officer who issued the citation, and orders the defendant to appear at the time and place stated in the citation.

{¶5} Shevchenko's reliance on Crim.R. 3 is misplaced. The case was properly initiated through the issuance of the uniform traffic tickets that otherwise complied with the law.

{¶6} With respect to Shevchenko's alternative argument, that the officer circled the word "operated," indicating that the infraction occurred while Shevchenko was operating the vehicle, instead of circling the word "parked," we find no error. The sole argument presented focuses on whether amending the ticket to read "parked" instead of "operated" constituted a material variance that could not be corrected by amendment.

{¶7} In the same context it has been held that amending the traffic citation from "parked" to "operated" is nonconsequential and does not constitute a material variance of the allegations. *Garfield Hts. v. Allison*, 8th Dist. Cuyahoga No. 68735, 1995 Ohio App. LEXIS 5206, 4 (Nov. 22, 1995). As that panel noted, a traffic ticket may be amended under Crim.R. 7(D) as long as the identity of the charge remains unchanged. *Id.*, citing *Akron v. Jaramillo*, 97 Ohio App.3d 51, 53, 646 N.E.2d 212 (9th Dist.1994); *State v. Jackson*, 78 Ohio App.3d 479, 481-482, 605 N.E.2d 426 (2d Dist.1992); *Cleveland Hts. v. Perryman*, 8 Ohio App.3d 443, 445, 457 N.E.2d 926 (8th Dist.1983); *see also State v. Elliott*, 5th Dist. Licking No. 2011-CA-00064, 2012-Ohio-771, ¶ 31. In *Allison*, the ticket was amended from "parked" to "operated," but the identity of the violations and the pertinent statutory section or ordinance remained the same. *Id.* Because of those facts, the conviction was affirmed.

{¶8} In this case, the explanation of the nature of the violations and the identification of the ordinances as stated in the citation put Shevchenko on notice as to the nature of the charged

offenses and the relevant ordinances. Further, she was aware that the vehicle was parked because she was present at the time the tickets were issued. Amending the citation from "operated" to "parked" had no effect on the nature of the charges nor on Shevchenko's defense, and we find no meaningful difference between these facts and those considered in *Allison*. The amendment of the traffic citation to reflect that the vehicle was parked and not being operated when the citations were issued was not in violation of Crim.R. 7(D).

**{¶9}** The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR