[Cite as *State v. George*, 2019-Ohio-2548.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case Nos. 2019 CA 00002, 2019 CA<br>00003, and 2019 CA 00004 |
| JAMES CURTIS GEORGE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case Nos. 18 CRB 654, 18 TRD 3224 A & B, 18 TRD 11521

JUDGMENT:      Affirmed in Part; Reversed in Part


DATE OF JUDGMENT ENTRY:      June 25, 2019


APPEARANCES:

For Plaintiff-Appellee

DANIEL E. COGLEY
ASSISTANT PROSECUTOR
123 East Chestnut Street
Lancaster, Ohio 43130

For Defendant-Appellant

JAMES CURTIS GEORGE
PRO SE
1012 East Sixth Street
Lancaster, Ohio 43130

*Wise, J.*

**{¶1}** Appellant James Curtis George appeals from his misdemeanor convictions in the Municipal Court of Fairfield County (hereinafter "trial court").  Appellee is the State of Ohio. The relevant facts leading to this consolidated appeal are as follows.

*Trial Court Case No. 18 CRB 654 / Appellate No. 19-CA-2*

**{¶2}** On March 27, 2018, a sheriff's deputy from the Fairfield County Sheriff's Department, having observed appellant depart from a driveway the officer was watching, attempted to make a traffic stop of appellant while he was driving on Wheeling Road in Pleasant Township, Fairfield County, Ohio. As a result of appellant's subsequent actions, the Sheriff's Department filed a complaint on April 2, 2018 alleging failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B). A warrant for appellant's arrest was issued on the same day.

**{¶3}** On or about November 26, 2018, appellant entered a plea of not guilty and made a demand for trial.

*Trial Court Case No. 18 TRD 3224 A & B / Appellate No. 19-CA-3*

**{¶4}** Also on March 27, 2018, the same deputy cited appellant for operating a motor vehicle without a valid driver's license (R.C. 4510.12(A)(1)), specifically under an expired license (R.C. 4510.12(C)(2)).  The citation was filed with the trial court on April 2, 2018.

**{¶5}** On or about November 26, 2018, appellant entered a plea of not guilty and made a demand for trial. The trial court treated the citation as involving two counts.

*Trial Court Case No. 18 TRD 11521 / Appellate No. 19-CA-4*

**{¶6}** On or about November 10, 2018, the deputy again cited appellant for operating a motor vehicle without a valid driver's license (R.C. 4510.12(A)).

**{¶7}** On or about November 26, 2018, appellant entered a plea of not guilty and made a demand for trial.

*Court Proceedings*

**{¶8}** The trial to the court went forward on January 16, 2019. On each of the four counts, appellant was found guilty and ordered to pay a fine of $25.00. The court also ordered: "No driving unless valid and insured." Final Judgment Entry at 1. Appellant was also sentenced to two years of non-reporting probation. *Id.* at 2. In case 18 CRB 654, appellant was further sentenced to 30 days in jail, with all 30 days suspended. *Id.* at 2.

**{¶9}** On January 17, 2019, appellant filed a *pro se* notice of appeal as to all three cases (representing four counts total). He herein raises the following two Assignments of Error in this consolidated appeal:

**{¶10}** "I.  THE LOWER COURT NEVER HAD JURISDICTION TO ADJUDICATE THIS MATTER.

**{¶11}** "II.  EVEN ASSUMING THE LOWER COURT DID HAVE JURISDICTION, MR. GEORGE DID NOT COMMIT ANY OFFENSES NOR DID THE LOWER COURT FOLLOW PROPER PROCEDURES."

I.

**{¶12}** In his First Assignment of Error, appellant maintains the trial court lacked *in personam* jurisdiction and subject matter jurisdiction in these matters. We disagree.

**{¶13}** "The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law." Ohio Constitution, Article IV, Section 1.

**{¶14}** The Ohio General Assembly has established the Fairfield County Municipal Court, Lancaster, Ohio, under R.C. 1901.01(A) and R.C. 1901.02(A)(20)/(B).

**{¶15}** "[A] municipal court's jurisdiction in criminal matters is statutorily defined as 'territorial,' and R.C. Chapter 1901 does not attempt to distinguish between jurisdiction of the subject matter, jurisdiction of the person, and venue." *State v. Brown*, 90 Ohio App.3d 674, 687, 630 N.E.2d 397 (1993). "Pursuant to R.C. 1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory." *State v. Davis,* 2nd Dist. Montgomery No. 19540, 2003-Ohio-4584, ¶ 17; *State v. Smith*, 5th Dist. Muskingum No. CT2017-0066, 2018-Ohio-5121, ¶ 21.

**{¶16}** We note the General Assembly has designated the offenses, as charged in these cases, to be misdemeanors. *See* R.C. 2921.331; R.C. 4510.12. Appellant does not herein dispute that he was, physically speaking, the operator of the vehicles involved in the aforementioned charges.

**{¶17}** Appellant first alleges, in regard to the issue *in personam* jurisdiction, that Appellee State of Ohio is a "privately held government corporation," to which he has never had "any connection." Appellant's Brief at 2. In support, he has attached a copy of what appears to be a webpage from an online directory stating that the State of Ohio is a "privately held company" located in Columbus, "established in 2012 and incorporated in

Ohio." Appellant's Exhibit A. We find this item does not constitute a valid citation to legal authority by appellant for purposes of App.R. 16(A)(7).

{¶18} In regard to subject matter jurisdiction, appellant makes the vague and unsupported claim that Ohio's form of government is "administrative, with no connection to [him]." Appellant's Brief at 3. Otherwise, his several case law citations go only to general principles of jurisdiction. As referenced *supra*, App.R. 16(A)(7) requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶19}  Appellant's present arguments challenging the jurisdiction of the trial court are found to be without merit.

{¶20}  Appellant's First Assignment of Error is overruled.

II.

{¶21}  In his Second Assignment of Error, appellant contends that (1) the charges against him were not proved and (2) the trial court failed to follow proper procedures.

{¶22}  The bulk of appellant's arguments are based on his assertions that the deputy's pursuit had been called off by a supervising sergeant, and that appellant was not engaged in activity on public roads for which a license is required. He also asserts the trial court did not afford him the opportunity to request a jury trial.[1] We find we are unable

---

[1]  Appellant also presents the claim, with no developed arguments, that the trial court failed to rule on certain pretrial motions. However, as a general rule, when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it. *Ohio Receivables, L.L.C. v. Durunner*, 5th Dist. Delaware No. 13 CAG 03 0017, 2013–Ohio–5514, ¶ 29.

to properly address these claims in the absence of a trial transcript. It is an appellant's duty to ensure that the record is properly preserved for review. *See State v. Hendershot,* 5th Dist. Licking No. 99CA102, 2001 WL 46235, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564. In the absence of those parts of the record necessary to demonstrate error, this Court must presume regularity in the proceedings below. *State v. Huffman*, 9th Dist. Lorain No. 09CA009585, 2011-Ohio-397, ¶ 7, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199.

**{¶23}** In his reply brief, appellant urges that the audio/video disc of the trial court proceedings he has provided in the record is preferable to a transcript. However, App.R. 9 was amended in July 2011 to provide that a transcript is required for the record on appeal and that a video recording of the trial court proceedings is no longer adequate. *See State v. DiBiase*, 11th Dist. Lake No. 2013-L-040, 2013-Ohio-5830, ¶ 12.

**{¶24}** Nonetheless, in reviewing the judgment entry under appeal, this Court *sua sponte* finds that the trial court committed plain error in convicting and sentencing appellant to both counts under case number 18 TRD 3224 A & B. Specifically, we find R.C. 4510.12(C)(2), for purposes of the present circumstances, does not create a separate offense of which an offender may be convicted; instead, it establishes the penalty for having an expired license under R.C. 4510.12(A). *See State v. Thompson*, 2nd Dist. Montgomery No. 25658, 2013-Ohio-4825, f.n. 2. Accordingly, appellant's conviction and sentence for violating R.C. 4510.12(C)(2) (only) is hereby ordered vacated. Otherwise, appellant's Second Assignment of Error is overruled under the rule of *Knapp.*

**{¶25}** For the reasons stated in the foregoing opinion, the judgments of the Municipal Court of Fairfield County, Ohio, are hereby affirmed in appellate case numbers 19 CA 2 and 19 CA 4, and affirmed in part and reversed in part in appellate case number 19 CA 3.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.


JWW/d 0604